# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY, | : | No. 3:18cv868 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Mehalchick) |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Karoline Mehalchick's Report and Recommendation (hereinafter "R&R") which proposes that we dismiss the plaintiff's pro se civil rights complaint. (Doc. 29). The matter is fully briefed and ripe for disposition.

## Background

Plaintiff Quintez Talley's current dispute is based on a series of events that occurred in a previous case involving civil rights claims pursuant to 42 U.S.C. § 1983 that was filed against a plethora of defendants. Tally v. Wetzel, No. 3:15CV1170 (M.D. Pa. filed June 15, 2015) (hereinafter "Talley I"). On January 18, 2016, in response to the plaintiff's Talley I complaint, Defendant Attorney Jessica Davis—who represented Defendant Michael Worstell—filed an answer to the plaintiff's complaint. No. 3:15CV1170 (Doc. 51). The case was eventually referred to mediation. (Id. Doc. 52). The mediator filed a notice of settlement on

September 8, 2017. (Id. Doc. 95). Based on the notice of settlement filed by the mediator, on October 19, 2017, Judge Mehalchick entered an order that dismissed all claims against Defendant Worstell as moot. (Id. Doc. 96). On November 2, 2017, the plaintiff filed a motion for reconsideration, at which point another attorney, Defendant Caleb Enerson, moved to file the mediation agreement under seal. (Id. Doc. 102). Ultimately, the magistrate judge denied the plaintiff's motion for reconsideration, and accordingly dismissed Defendant Enerson's motion to seal as moot. (Id. Doc. 106). It is against this backdrop that the plaintiff bases his civil rights action. (Doc. 1).

The plaintiff challenges the validity of the mediation agreement, claiming that Attorney Davis failed to include Defendant Worstell, her client, in her notice of appearance. (Doc. 1, at 4, paragraph 15). Specifically, the plaintiff claims that Attorney Davis failed to enter a "proper appearance pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure." (Doc. 1, at 6, paragraph 29).

The plaintiff, moreover, avers that when Attorney Enerson moved to file the mediation agreement under seal, he attached the agreement to the motion, therefore violating the express terms of the agreement. (Doc. 1, ¶¶ 33-34). The plaintiff claims that this action deprived him of the ability to pursue "meritorious claims against Defendant Worstell." (Doc. 1, ¶ 35). The plaintiff, therefore, alleges that Defendant Enerson violated the Racketeer Influenced and Corrupt

Organizations Act (hereinafter "RICO") as well as the plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 1, ¶¶46-55). The plaintiff also alleges a slew of state law claims: conspiracy, breach of contract, defamation, "care, custody, and concern of property," promissory estoppel, "fraud/deceit," coercion, and legal malpractice. (Doc. 1, ¶¶ 56-63).

On, April 22, 2019, the magistrate judge entered an R&R, which recommended that we dismiss the plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 29). On May 6, 2019, the plaintiff objected the magistrate judge's R&R reasserting the same two arguments averred in the original complaint, yet he also seeks approval to amend his complaint, which brings this case to its current posture. (Doc. 30).

**Jurisdiction**

As this case is brought pursuant to 18 U.S.C. § 1961 for violations of the RICO Act, and for violations of the United States Constitution, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."). We have supplemental jurisdiction for the plaintiff's conspiracy, breach of contract, defamation, "care, custody, and concern of property," promissory estoppel, "fraud/deceit," coercion, and legal malpractice claims pursuant to 28 U.S.C. § 1367.

3

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

4

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). In ruling on a motion to dismiss, courts are not obligated to accept as true anything in the complaint that contradicts facts of which the court may take judicial notice. See Banks v. Cty. of Allegheny, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008); see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**Discussion**

The plaintiff objects to the magistrate judge's R&R asserting the two following arguments. First, the plaintiff alleges that Attorney Davis failed to enter a "proper appearance pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure." (Doc. 1, ¶ 29). Second, the plaintiff claims that Attorney Enerson breached the express terms of the agreement therefore violating the plaintiff's

5

First, Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 1, paragraph 46-55). We will discuss each objection in turn.

I. **Improper Entry of Appearance**

The magistrate judge recommends that we adopt her R&R to dismiss the plaintiff's claim that Attorney Davis disseminated a "fraudulently prepared settlement agreement" by improperly entering an appearance on Defendant Worstell's behalf in violation of Federal Rule of Civil Procedure 5(d)(1). We agree with the magistrate judge's R&R.

The signing of a pleading or motion shall be deemed an entry of appearance pursuant to Local Rule 83.14.[1] Conversely, Rule 5(d)(1) encompasses general filing and certificate of service requirements. See FED. R. CIV. P. 5(d)(1). The rule, however, does not impose any obligations regarding a party's entry of appearance.

Here, it is undisputed that Attorney Davis entered a permissible appearance when he filed an answer on behalf of defendant Worstell on January 18, 2016, which is a judicially known fact. (Doc. 21, at 6). The defendant's entry of appearance complied with Local Rule 83.14. Because the plaintiff's assertion

---

[1] Local Rule 83.14 provides that "[t]he signing of a pleading or motion shall be deemed an entry of appearance. Appearance by attorneys or parties not signing pleadings or motions shall be by praecipe filed with the clerk except as provided in Local rule 83.9."

6

that Attorney Davis improperly filed an entry of appearance contradicts a judicially known fact, we are not obligated to accept the plaintiff's claim as true. See Banks, 568 F. Supp. at 588-89; see also Sprewell, 266 F.3d at 988. Rule 5(d)(1) is irrelevant to our analysis. Therefore, we will adopt the magistrate judge's R&R to dismiss this claim.

II. **Breach of the Mediation Agreement**

Next, the magistrate judge recommends that we dismiss the plaintiff's First, Fourth, Eighth, and Fourteenth Amendment claims alleging that Attorney Enerson violated the terms of the mediation agreement when he failed to attach a copy of the Agreement to the motion to file under seal, which inevitably deprived the plaintiff of pursuing claims against Defendant Worstell. (Doc. 21, at 10). We agree with the R&R.

Local Rule 49 regulates the filing of documents under seal. The court must enter an order before a document is considered officially "under seal." LCrR 49(b)(1).[2] During this waiting period, the document is not officially under seal.

---

[2] **Document "filed under seal"**. A document filed under seal is a document that is filed and docketed in the case but held by the Clerk separate from other documents and not made available for inspection by any person except as permitted by order of the court.

7

LCrR 49(b)(2).[3] Instead, the document is considered a "document pending [a] sealing decision." Id.

Here, the settlement agreement was never officially "under seal." Instead, the agreement was considered a "document pending a sealing decision." Talley I, ECF No. 103 (M.D. Pa. Nov. 29, 2017). On October 19, 2017, the magistrate judge entered an order that ultimately dismissed all claims against Defendant Worstell as moot. (Doc. 1, ¶ 30); Talley I, ECF No. 96 (M.D. Pa. Oct. 19, 2017). A sealing decision regarding the Agreement was never made on the merits.[4] Id. As a result, the Agreement was never considered "under seal." Id. Consequently, the plaintiff's RICO, First, Fourth, Eighth, and Fourteenth Amendment claims are meritless.

---

[3] **Document "pending sealing decision".** A document pending sealing decision is a document that has been submitted to the Clerk with a motion to file the document under seal. Pending an order of the court deciding the motion to seal the document, the document is kept separate from other documents and is not made available for inspection by any person except as permitted by order of the court.

[4] Even if Attorney Enerson's submission of the "document[s] pending sealing decision" constituted a breach of the Agreement, such a cause of action would arise under state, and not federal, law.

8

## III. State Causes of Action

The magistrate judge recommends that we adopt her R&R to dismiss the plaintiff's state law claims: conspiracy, breach of contract, defamation, "care, custody, and concern of property," promissory estoppel, "fraud/deceit," coercion, and legal malpractice. (Doc. 1, ¶¶ 56-63).

Supplemental jurisdiction enables federal courts to hear state law claims over which there is no independent basis of jurisdiction. 28 U.S.C. § 1367; Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988). Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action. Pursuant to 28 U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a); see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir.1991).

Section 1367(c) permits a court to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Carnegie–Mellon, 484 U.S. at 350 ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (footnote

omitted); Fuentes v. South Hills Cardiology, 946 F.2d 196, 198 n. 3 (3d Cir.1991) (dismissal of "pendent state law claim[ ]" proper where federal claims dismissed for lack of subject matter jurisdiction).

As previously discussed, we dismissed the plaintiff's RICO, First, Fourth, Eighth, and Fourteenth Amendment claims as meritless. Because the plaintiff's federal claims have been dismissed, there are no other grounds for supplemental jurisdiction. United Mine Workers v. Gibbs, U.S. 715, 725 (1966); 28 U.S.C. § 1367(c)(3). As a result, supplemental jurisdiction will no longer be exercised in this case. See id. The plaintiff's state law claims are therefore dismissed without prejudice.

**Conclusion**

For the reasons stated above, the plaintiff's federal law claims will be dismissed. Because the plaintiff's federal claims have been dismissed, we no longer have supplemental jurisdiction over the plaintiff's state law claims. Consequently, we will dismiss the plaintiff's state law claims without prejudice. Because the plaintiff's federal claims are meritless, we will dismiss them with prejudice as an amendment to the complaint would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile). An appropriate order follows.

Date: August 23, 2019

BY THE COURT:

*[signature]*

JUDGE JAMES M. MUNLEY
United States District Court